# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-488V
Filed: August 18, 2023

```
* * * * * * * * * * * * *
RUTH VIZCARRA,              *
                            *
            Petitioner,     *
v.                          *
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
            Respondent.     *
* * * * * * * * * * * * *
```

*Andrew Downing, Esq.*, Downing, Allison & Jorgenson, Phoenix, AZ for petitioner.
*Alec Saxe, Esq.*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On April 22, 2020, Ruth Vizcarra ("Ms. Vizcarra" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she developed sudden sensorineural hearing loss ("SSNHL") after receiving an influenza ("flu") vaccination on September 21, 2019. *See* Petition ("Pet."), ECF No. 1. Petitioner now seeks an award of interim attorneys' fees and costs. After careful consideration, petitioner's Motion for Interim Attorneys' Fees is **GRANTED in part** for the reasons set forth below.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

## I. Background

**A. Procedural History**

The petition was filed on April 22, 2020 along with an affidavit from petitioner. *See* Pet., ECF No. 1. The case was assigned to Chief Special Master Brian H. Corcoran. ECF No. 4. Petitioner filed medical records along with petitioner's completed PAR questionnaire on May 4, 2020. *See* Petitioner's Exhibit ("Pet. Ex.") 1-6, ECF Nos. 8-9. On May 5, 2020, petitioner filed a statement of completion. ECF No. 10.

On May 13, 2020, Chief Special Master Corcoran issued a scheduling order requiring petitioner to file proof of certified medical records and medical records showing the alleged vaccine injury lasted at least six months. ECF No. 11.

Petitioner filed three motions for extension of time to file the medical records, each of which were granted. ECF Nos. 13-15. On August 27, 2020, petitioner filed the requested medical records. Pet. Ex. 11, ECF No. 16. Petitioner submitted an amended statement of completion on August 28, 2020. ECF No. 18. On September 1, 2020, the case was reassigned to the undersigned. ECF No. 20.

Respondent filed a status report on November 30, 2020, stating his intent to proceed on a litigation track. ECF No. 23. Respondent filed his Rule 4(c) Report on February 1, 2021, maintaining that the case is not appropriate for compensation. ECF No. 25.

After an order was issued for petitioner to produce an expert report, petitioner filed a motion for an extension of time, which was granted. ECF No. 26. Petitioner filed Dr. Hicks' CV and expert report on June 3, 2021. Pet. Ex. 12-13, ECF No. 27. Petitioner was ordered to file a supplemental expert report by August 3, 2021. Petitioner filed a motion for extension of time to file the supplemental report, which was granted. ECF Nos. 28-29.

On October 4, 2021, petitioner filed a supplemental expert report by Dr. Hicks. Pet. Ex. 14, ECF No. 30. On December 3, 2021, respondent filed a responsive status report requesting additional time for a response from his expert witness and requesting that petitioner file the literature cited by Dr. Hicks. ECF No. 31.

The undersigned ordered petitioner to file the medical literature cited by Dr. Hicks in the supplemental expert report and for respondent to file a responsive expert report sixty days thereafter. Petitioner filed a motion for extension of time to file the supporting medical literature, which was granted. ECF No. 32. Petitioner failed to comply with the order to file the medical literature by February 16, 2022.

On February 17, 2022, petitioner filed another motion for extension of time to file medical literature, which was granted. ECF No. 33. On February 18, 2022, petitioner filed the supporting

medical literature from Dr. Hicks. Pet. Ex. 15-50, ECF Nos. 34-37. Petitioner filed additional supporting medical literature from Dr. Hicks on March 3, 2022. Pet. Ex. 51-62, ECF No. 38.

Respondent filed two motions for extension of time to file a responsive expert report, both of which were granted. ECF Nos. 39-45. A responsive expert report by Yu-Lan Mary Ying, M.D. and Dr. Ying's CV were filed on July 7, 2022 by respondent. Respondent's Exhibit (Resp. Ex.) A-B, ECF No. 46.

After two motions for extension of time which were granted, petitioner filed a responsive expert report from Dr. Hicks on November 14, 2022. Pet. Ex. 63, ECF No. 50.

On March 20, 2023, after a motion for extension of time was granted, respondent filed an expert report from Herman F. Staats, Ph.D. and a responsive report from Dr. Ying. Resp. Ex. C-E, ECF Nos. 52-53.

Petitioner filed a motion to limit the testimony of Dr. Staats on March 21, 2023, to which respondent filed a response on March 31, 2023. Petitioner submitted a reply to the response on April 7, 2023. ECF Nos. 54-56.

On April 14, 2023, petitioner filed the instant Motion for Interim Attorney's Fees and Costs seeking $30,610.00 in attorneys' fees and $21,771.36 in costs for a total of $52,381.36. Motion for Interim Fees, ECF No. 57.

On April 17, 2023, an Order issued, granting in part petitioner's motion to limit Dr. Staats' testimony. ECF No. 58.

On April 28, 2023, respondent filed his response to the Motion for Interim Fees which included, "[s]hould the Special Master be satisfied that the reasonable basis and interim fee award standards are met in this case", he will defer to the Special Master's discretion to award a reasonable fee. Response to Motion for Interim Fees, ("Response") at 5, ECF No. 59. Petitioner did not file a reply.

This matter is now ripe for determination.

**B.      Summary of Relevant Medical Records**

Petitioner received the subject flu vaccine on September 21, 2019. Pet. Ex. 2 at 6, 10, 12. She presented to Sun Valley Pediatric and Family Urgent Care on September 22, 2019 where she complained of hearing loss in her right ear. Pet. Ex. 4. She reported a sudden onset of hearing loss less than 24 hours prior. *Id.* at 1. It was noted that her right tympanic membrane had a dull poor cone of light but no obstruction and no signs of infection. *Id.* at 3. The assessment was sudden idiopathic hearing loss of the right ear. *Id.* She was given a prescription for a short course of high dose steroids and instructed to follow up with her primary care physician. *Id.*

On September 23, 2019, petitioner presented to an ENT complaining of hearing loss that began after she received the flu shot. Pet. Ex. 5 at 11. Upon evaluation, petitioner had "profound SNHL in the right ear." *Id*. at 12. She was diagnosed with sudden idiopathic hearing loss and tinnitus in the right ear. *Id*. On October 2, 2019, petitioner underwent a brain MRI which was unremarkable. *Id*. at 15-16.

Petitioner followed up with the ENT on October 15, 2019. Pet. Ex. 5 at 6. She was noted to have no change in her sudden right sensorineural hearing loss. *Id*. at 7. She received a steroid injection and was instructed to return in two weeks for a second injection. *Id*.

On October 25, 2019, petitioner visited her gynecologist for a well woman exam. Pet. Ex. 3 at 7. It was noted that petitioner received a flu shot then lost hearing in her right ear completely. She was getting steroid injections, but they had not helped. *Id*.

Petitioner received a second steroid injection on October 30, 2019. Pet. Ex. 5 at 1. Her condition remained unchanged. *Id*. at 3.

On December 2, 2019, petitioner presented to Arizona Hearing & Balance Center, reporting that she completely lost her hearing in her right ear 2-3 hours following a flu shot on September 21, 2019. Pet. Ex. 6 at 1. Petitioner expressed interest in receiving a cochlear implant. *Id*. at 2. She returned to the office on December 24, 2019 for a cochlear implant evaluation. *Id*. at 3. She was confirmed to be a good candidate for a cochlear implant. *Id*.

On May 21, 2020, petitioner received a cochlear implant at Banner Dessert Medical Center. Pet. Ex. 11 at 201, 272-73.

## II. Discussion

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*. The lodestar method is also used to calculate a reasonable expert fee. *Simon v. Sec'y of Health & Human Servs*., No. 05-941V, 2008 WL 623833, at *1 (Fed. Cl. Spec. Mstr. Feb. 21, 2008).

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

In the instant case, the undersigned has no basis to believe, and respondent does not argue, that petitioner did not bring her claim in good faith. Therefore, the undersigned finds that petitioner brought her claim in good faith. At issue is whether the claim has a reasonable basis and if so, whether interim fees are warranted under the circumstances.

### A.     Reasonable Basis

#### 1.  Legal Standard

In discussing the reasonable basis requirement, the Federal Circuit stressed the prima facie petition requirements of § 11(c)(1) of the Act. *Cottingham ex. rel. K.C. v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1345-46 (Fed. Cir. 2020). Specifically, the petition must be accompanied by an affidavit and supporting documentation showing that the vaccinee:

> (1) received a vaccine listed on the Vaccine Injury Table;
> (2) received the vaccination in the United States, or under certain stated circumstances outside of the United States;
> (3) sustained (or had significantly aggravated) an injury as set forth in the Vaccine Injury Table (42 C.F.R. § 100.3(e)) or that was caused by the vaccine;
> (4) experienced the residual effects of the injury for more than six months, died, or required an in-patient hospitalization with surgical intervention; and
> (5) has not previously collected an award or settlement of a civil action for damages for the same injury.

*Cottingham*, 971 F.3d at 1345-46.

Reasonable basis is an objective inquiry, irrespective of counsel's conduct or a looming statute of limitations, that evaluates the sufficiency of records available at the time a claim is filed. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017); *see Turpin v. Sec'y of Health & Human Servs.*, No. 99-564, 2005 WL 1026714 at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005). A special master's evaluation of reasonable basis focuses on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient objective evidence to make a feasible claim for recovery. *Santacroce v. Sec'y of Health & Human Servs.*, No. 15-555V, 2018 WL 405121 at *7 (Fed. Cl. 2018).

Reasonable basis is satisfied when there is more than a mere scintilla of objective evidence, such as medical records or medical opinions, supporting a feasible claim before filing. *See Cottingham*, 971 F.3d at 1346; *see Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)); *see Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012). A recent attempt to clarify what quantifies a "scintilla" looked to the Fourth Circuit, which characterized "more than

a mere scintilla of evidence" as "evidence beyond speculation that provides a sufficient basis for a reasonable inference of causation." *Cottingham v. Sec'y of Health & Human Servs.,* 154 Fed. Cl. 790, 795 (2021) (quoting *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 765 (4th Cir. 2021)). Additionally, absence of an express medical opinion of causation is not necessarily dispositive of whether a claim has a reasonable basis. Medical records may support causation even where the records provide only circumstantial evidence of causation. *James-Cornelius on Behalf of E.J. v. Sec'y of Health & Human Servs.*, 984 F.3d 1374, 1379-80 (Fed. Cir. 2021).

Evaluation of reasonable basis is limited to the objective evidence submitted. *Simmons*, 875 F.3d at 636. Still, a special master is not precluded from considering objective factors such as "the factual basis of the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018). In *Cottingham*, the Federal Circuit expressly clarified that special masters are permitted to utilize a totality of the circumstances inquiry in evaluating reasonable basis, including, but not exclusively limited to, objective factors such as those identified in *Amankwaa*. *See Cottingham,* 971 F.3d at 1344. The Federal Circuit reiterated that counsel conduct is subjective evidence not to be considered when evaluating reasonable basis. *Id.* at 1345. Counsel's attempt or desire to obtain additional records before filing is subjective evidence and does not negate the objective sufficiency of evidence presented in support of a claim. *James-Cornelius,* 984 F.3d at 1381. The Federal Circuit has additionally articulated that special masters cannot broadly categorize all petitioner affidavits as subjective evidence or altogether refuse to consider petitioner's sworn statements in evaluating reasonable basis. *Id.* at 1380 (holding that factual testimony, when corroborated by medical records and a package insert, can amount to relevant objective evidence for supporting causation). However, a petitioner's own statements cannot alone support reasonable basis, and special masters may make factual determinations as to the weight of evidence. *See, e.g., Chuisano*, 116 Fed. Cl. at 291; *Foster v. Sec'y of Health & Human Servs.*, No. 16-1714V, 2018 WL 774090, at *3 (Fed. Cl. Spec. Mstr. Jan. 2, 2018); *Cottingham*, 971 F.3d at 1347.

While absent or incomplete records do not strictly prohibit a finding of reasonable basis, an overwhelming lack of objective evidence will not support reasonable basis. *Chuisano*, 116 Fed. Cl. at 288; *see Simmons,* 875 F.3d at 634-36 (holding that reasonable basis was not satisfied where 1) petitioner's medical record lacked proof of vaccination and diagnosis and 2) petitioner disappeared for two years before filing a claim). The objective evidence in the record must also not be so contrary that a feasible claim is not possible. *Cottingham*, 154 Fed. Cl. at 795, citing *Randall v. Sec'y of Health & Human Servs.,* No. 18-448V, 2020 WL 7491210, at *12 (Fed. Cl. Spec. Mstr. Nov. 24, 2020) (finding no reasonable basis when petitioner alleged a SIRVA injury in his left arm though the medical records indicated that the vaccine was administered in petitioner's right arm). A claim may lose reasonable basis as it progresses if further evidence is unsupportive of petitioner's claim. *See R.K. v. Sec'y of Health & Human Servs.,* 760 F. App'x 1010, 1012 (Fed. Cir. 2019) (citing *Perreira v. Sec'y of Health & Human Servs.,* 33 F.3d 1375, 1376–77 (Fed. Cir. 1994)).

Though a special master has broad discretion, a special master must keep in mind the Vaccine Act's remedial objective of maintaining petitioners' access to willing and qualified legal assistance, and a special master may not abuse their discretion in denying reasonable basis and fees. *See James-Cornelius,* 984 F.3d at 1381.

### 2. Analysis of Reasonable Basis

Neither party proposed specific arguments regarding reasonable basis. However, both parties' filings contain statements worth mentioning. First, petitioner noted in her Motion for Interim Fees that "[r]espondent does not make a reasonable basis objection". It is curious how this statement was made prior to respondent filing his Response. Second, respondent wrote that reasonable basis and good faith are prerequisites to an award of fees and costs "in uncompensated cases like the current case". Response at 1-2. While not entirely inaccurate to refer to this case as "uncompensated", it is slightly misleading as the matter is still pending before the Court. Respondent stated no specific objection as to reasonable basis but requested that I exercise my discretion in awarding fees should I determine that the "reasonable basis . . . standards are met in this case." *Id*. at 5.

Consistent with *Cottingham*, petitioner has filed contemporaneous and facially trustworthy medical records demonstrating: (1) that petitioner received a covered vaccine; (2) that the vaccine was administered in the United States; (3) that petitioner experienced symptoms she alleges are associated with her vaccine; and (4) that these symptoms persisted for at least six months. 971 F.3d at 1345-46.

Petitioner's burden for reasonable basis is satisfied when there is "more than a mere scintilla of evidence" defined as "evidence beyond speculation that provides a sufficient basis for a reasonable inference of causation." *Cottingham,* 154 Fed. Cl. at 795 (quoting *Sedar*, 988 F.3d at 765). Petitioner need not prove causation to satisfy reasonable basis. *See* § 300aa-15(e)(1); *see also Chuisano*, 116 Fed. Cl. at 287; *P.S. v. Sec'y of Health & Human Servs*., No. 16-834V, 2022 WL 16635456, at *18 (Fed. Cl. Spec. Mstr. Oct. 6, 2022).

The medical records filed contain sufficient evidence to satisfy petitioner's burden of more than a mere scintilla of objective evidence to support a reasonable inference of causation. The records clearly show that petitioner suffered sudden hearing loss following her flu vaccination. Petitioner consistently reported losing the hearing in her right ear within 24 hours after receiving the subject flu vaccine. Pet. Ex. 3 at 7; Pet. Ex. 4 at 1; Pet. Ex. 5 at 11; Pet. Ex. 6 at 1. While insufficient alone to prove entitlement, these records support the reasonable basis requirement of more than a mere scintilla of evidence.

Additionally, petitioner has submitted three expert reports in support of her claim. *See* Pet. Ex. 12; Pet. Ex. 14; Pet. Ex. 63. Although expert reports are not necessary to prove reasonable basis, the opinion—grounded in the medical records and supported by medical literature—of a thus far credible expert[3] supports a reasonable inference of causation. *James-Cornelius*, 984 F.3d at 1379-80. Notably, a petitioner in a different vaccine case was recently found to be entitled to compensation for hearing loss following a flu vaccine; Dr. Hicks served as petitioner's expert in that matter. *Madigan v. Sec'y of Health & Human Servs*., No. 14-1187V, 2021 WL 3046614, at *1 (Fed. Cl. Spec. Mstr. June 25, 2021). To be clear, I have not yet determined whether Dr. Hicks'

---

[3] Dr. Hicks received his M.D. from St. Louis University School of Medicine in 1967. He was in private practice from 1973 through 2014. He served as President of the Midwest Ear Institute from 1996 through 2014. In 2014, he started a position as a clinical instructor in the Department of Otolaryngology at Indiana University School of Medicine. *See generally* Pet. Ex. 13.

opinion is persuasive to support a finding that petitioner here is entitled to compensation. However, his opinions support a finding of reasonable basis.

The standard for finding reasonable basis is more than a mere scintilla of objective evidence, which petitioner has satisfied. Whether petitioner can satisfy her burden under *Althen* to prove entitlement is not the subject of the current motion and remains to be seen.

**B.       Availability of Interim Fees**

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id.* at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for over three years and petitioner has incurred significant costs for her medical expert. This ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship on petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding a two-year proceeding constituted appropriate circumstances for interim fees). Further, respondent has deferred to the special master to determine whether an award of interim fees is reasonable in this case. Response at 5. Given the circumstances, an award of an interim fees is warranted to avoid economic hardship to petitioner.

**C.     Reasonable Hourly Rates**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides

for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

The attorneys at Downing, Allison & Jorgenson have been recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. *See Rossiter v. Sec'y of Health & Hum. Servs.*, No. 20-1888V, 2023 WL 3778899 at *2 (Fed. Cl. Spec. Mstr. June 2, 2023); *Simpson v. Sec'y of Health & Hum. Servs.*, No. 20-1124V, 2022 WL 16545527 at *1 (Fed. Cl. Spec. Mstr. Sept. 27, 2022). Petitioner requests fees in various rates of compensation for the attorneys and paralegals who worked on her case. The rates requested are as follows:

| Name | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|
| Mr. Downing | $385 | $385 | $385 | $415-$445 | $445 |
| Ms. Allison | n/a | n/a | n/a | $415 | n/a |
| Ms. Jorgenson (formerly Van Cott) | n/a | $275 | $275 | $325-$345 | $345 |
| Ms. Avery | $135 | $135 | $135 | $135-$155 | $155 |
| Paralegals | $135 | $135 | $n/a | n/a | $155 |

*See* Motion for Interim Fees at 5-7, 9-28, 39-42.

The majority of the requested rates have been awarded by prior Special Masters in previous decisions. *See Franceschi v. Sec'y of Health & Human Servs.*, No. 21-0468V, 2023 WL 4270835, at *2 (Fed. Cl. Spec. Mstr. May 30, 2023); *Sewell v. Sec'y of Health & Human Servs.*, No. 19-1486V, 2023 WL 5054778, at *2 (Fed. Cl. Spec. Mstr. July 12, 2023); *Madigan v. Sec'y of Health & Human Servs.*, No. 14-1187V, 2023 WL 3778884, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023); *Perekotiy on behalf of S.K. v. Sec'y of Health & Human Servs.*, No. 16-997V, 2020 WL 6395509, at *2-3 (Fed. Cl. Spec. Mstr. Sept. 29, 2020).

However, some of the requested 2022 rates require adjustment. The change in rates for 2022 is due to an increase from counsel changing law firms. However, "the Vaccine Program typically does not award counsel increased hourly rates mid-year, especially when counsel had

---

[4] The 2015-2023 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.,* No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

previously increased their hourly rate for the year and billed time at that rate, and other special masters have declined to award this mid-year increase." *See, e.g.*, *Pryor v. Sec'y of Health & Human Servs.*, No. 18-1288V, 2022 WL 17973236, at *4 (Fed. Cl. Spec. Mstr. Dec. 28, 2022).

For work performed in 2022, the Court has awarded hourly rates of $415 for Mr. Downing's work, $325 for Ms. Jorgenson's (Van Cott's) work, and $135 for Ms. Avery's work. *See Franceschi*, No. 21-0468V, 2023 WL 4270835, at *2; *Rossiter v. Sec'y of Health & Human Servs.*, No. 20-1888V, 2023 WL 3778899, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023); *Thoma v. Sec'y of Health & Human Servs.*, No. 19-1848V, 2022 WL 10493481, at *2 (Fed. Cl. Spec. Mstr. Aug. 31, 2022); *Bostic v. Sec'y of Health & Human Servs.*, No. 22-1118V, 2023 WL 4486158, at *5 (Fed. Cl. Spec. Mstr. June 15, 2023). The 2022 hourly rates for Mr. Downing, Ms. Jorgenson (Van Cott), and Ms. Avery are accordingly reduced to correspond with what they have previously been awarded. This results in a **total reduction of $165.00**.[5]

Thus, there will be reduction of $165.00 reflecting an adjustment to Mr. Downing's, Ms. Jorgenson's (Van Cott's), and Ms. Avery's previously-awarded rates for 2022. No other reductions are warranted.

D.   **Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases); *see also Knox v. Sec'y of Health & Human Servs.*, No. 90–33V, 1991 WL 33242, at *7 (Fed. Cl. Spec. Mstr. Feb. 22, 1991) (finding that "50% of the expert's [travel] time should be compensated"). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).

---

[5] This number was reached by first adding the hours each person billed in 2022. The Motion for Interim Fees shows that Mr. Downing billed a total of 9.7 hours in 2022, while Ms. Jorgenson (Van Cott) billed 0.8 hours that year. Ms. Avery billed 1.9 hours in 2022. I then multiplied the individuals' hours billed by both the awarded hourly rate and the hourly rate requested in the current Motion; the difference between the two totals reflects the amount reduced. *See* Motion for Interim Fees at 12, 39-40.

Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's motion for Interim Attorneys' Fees, I find the hours billed to be reasonable. Counsel has provided detailed billing entries which appear to reasonably correspond with the work performed. No entries appear objectionable. Accordingly, the hours billed on this matter are reasonable.

### E. Reasonable Costs

Petitioner requests compensation of $21,771.36 in total costs to date. Motion for Interim Fees at 7.

#### 1. Costs Related to Dr. Hicks

Petitioner requested fees for her expert, Dr. Hicks. Dr. Hicks holds a medical degree from St. Louis University School of Medicine and has practiced in Otolaryngology and Neurotology for over forty years. *See* Motion for Interim Fees at 6; Pet. Ex. 13. Dr. Hicks has submitted three expert reports in this matter. *See* Pet. Ex. 12; Pet. Ex. 14; Pet. Ex. 63; *see generally* Pet. Ex. 15-62. Petitioner requests an hourly rate of $500 for Dr. Hicks.

Dr. Hicks has been awarded the requested hourly rate previously by other special masters in the Vaccine Program. *See Madigan v. Sec'y of Health & Human Servs.*, No. 14-1187V, 2021 WL 1626621, at *4 (Fed. Cl. Apr. 1, 2021). Furthermore, a fee of $500 per hour for a physician with expertise in otolaryngology has been previously awarded by other special masters. *Id.*, citing *Harper v. Sec'y of Health & Human Servs.*, No. 15-1188V, 2018 WL 6006030 (Fed. Cl. Spec. Mstr. Oct. 15, 2018). Thus, the billing rate of $500 an hour for Dr. Hicks is an appropriate hourly rate.

Dr. Hicks has billed for 47.5 hours, charging either $250 or $500 per hour depending on the task (phone conversation or expert report development, etc.). Motion for Interim Fees at 33-34, 36, 45. I find the requested amount of $21,249.48 for Dr. Hicks' work to be reasonable in this case. However, I caution petitioner's counsel again to have experts provide specific documentation to support their fees requests. "'Each task should have its own line entry indicating the amount of time spent on that task. Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request.'" *Cowles v. Sec'y of Health & Hum. Servs.*, No. 16-1164V, 2018 WL 2772312 *3 (Fed. Cl. Apr. 26, 2018) (quoting The Vaccine Program's Guidelines for Practice).

### 2. Miscellaneous Costs

Petitioner has also requested $521.88 in other miscellaneous expenses such as medical records requests and filing fees which are corroborated by receipts attached to the Motion. Thus, these costs are reasonable, and I award them in full.

### III. Total Award Summary

Based on the foregoing, petitioners' Motion for Interim Attorneys' Fees and Costs is **GRANTED IN PART**. Accordingly, I award $52,216.36 representing $30,445.00 in attorneys' fees and $21,771.36 in attorneys' costs in the form of a check payable jointly to petitioner Ruth Vizcarra and petitioner's counsel, Andrew Downing of the Downing, Allison & Jorgenson firm. The clerk shall enter judgment accordingly.

**IT IS SO ORDERED**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master