# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-488V
Filed: August 18, 2025

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| RUTH VIZCARRA, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

*Ramon Rodriguez, III, Esq.*, Siri & Glimstad LLP, Richmond, VA, for petitioner.
*Alec Saxe, Esq.*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On April 22, 2020, Ruth Vizcarra ("Ms. Vizcarra" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she developed sudden sensorineural hearing loss ("SSNHL") after receiving an influenza ("flu") vaccination on September 21, 2019. *See* Petition ("Pet."), ECF No. 1. Petitioner was awarded interim fees on August 18, 2023. ECF No. 67.

On January 4, 2025, petitioner filed the instant Motion for Interim Attorney's Fees and Costs requesting a total of $33,619.56, representing $16,942.50 in attorneys' fees and $16,677.06

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

in costs. Motion for Interim Fees, ECF No. 91. Respondent filed his response on January 21, 2025, deferring to the undersigned to determine whether petitioner has met the standard for an award of interim fees and costs and, if so, to determine a reasonable award. Response, ECF No. 93. Petitioner did not file a reply.

After careful consideration, petitioner's second Motion for Interim Attorneys' Fees is **GRANTED** for the reasons set forth below.

## I.    Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.    Discussion

### A.    Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v.*

*Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). It has been approximately two years since petitioner was awarded interim fees, during which time the parties exchanged additional expert reports. It is not typical that the undersigned will entertain two interim fees motions prior to a matter going to hearing; however, due to expert unavailability, petitioner was required to retain and file a new expert report. Petitioner then changed counsel. Respondent's expert then became unavailable for the originally scheduled hearing which was to take place on August 19 and 20, 2025. Based on the many expert reports filed in this matter, the parties were advised that a Ruling on the Record would be appropriate. Nevertheless, petitioner insisted on a hearing. Due to the Court's hearing schedule, which the petitioner acknowledged, the hearing is now scheduled for October of 2027, causing a delay in a decision on entitlement for at least another two years. *See* ECF Nos. 97-101. In sum, the circumstances of this case warrant a second award of interim fees and costs.

**B.    Reasonable Hourly Rates**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec.

Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

The attorneys at petitioner's former counsel's firm have been recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. *See Rossiter v. Sec'y of Health & Hum. Servs.*, No. 20-1888V, 2023 WL 3778899 at *2 (Fed. Cl. Spec. Mstr. June 2, 2023); *Simpson v. Sec'y of Health & Hum. Servs.*, No. 20-1124V, 2022 WL 16545527 at *1 (Fed. Cl. Spec. Mstr. Sept. 27, 2022). Petitioner requests fees in various rates of compensation for the attorneys and paralegals who worked on her case. The rates requested are as follows:

| Name | 2023 | 2024 |
|------|------|------|
| Mr. Downing | $445 | $485 |
| Ms. Allison | $415 | $435 |
| Ms. Jorgenson | $345 | $375 |
| Paralegals | $155 | $175 |

*See* Motion for Interim Fees at 11.

The requested rates have all been awarded by special masters in previous decisions. *See Husain v. Sec'y of Health & Human Servs.*, No. 22-1218V, 2025 WL 1409870, at *1 (Fed. Cl. Spec. Mstr. Apr. 8, 2025); *Lucas v. Sec'y of Health & Human Servs.*, No. 19-1525V, 2025 WL 1158901, at *1 (Fed. Cl. Spec. Mstr. Mar. 25, 2025). Thus, I award the rates as requested herein.

## C.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed.

---

[3] The 2015-2025 Fee Schedules can be accessed at https://www.cofc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's motion, I find the hours billed to be reasonable. Counsel has provided detailed billing entries which appear to reasonably correspond with the work performed. No entries appear objectionable, nor did respondent state any objection. The billing records do not overlap with what was already awarded to counsel. Motion for Interim Fees at 11-20. Accordingly, the hours billed on this matter are reasonable.

### D.    Reasonable Costs

Petitioner requests a total of $16,677.06 in costs. Motion for Interim Fees at 20. The majority of these costs are associated with petitioner's experts. Petitioner requests a total of $6,000 for Dr. Hicks, who charged at an hourly rate of $250 for research and $500 for drafting a report. Motion for Interim Fees at 21-24. Dr. Hicks' hourly rate is consistent with what he has been awarded in the past and is reasonable. *See Madigan v. Sec'y of Health & Human Servs., No. 14-1187V, 2021 WL 1626621, at *4 (Fed. Cl. Apr. 1, 2021)*. I also find the hours spent to be reasonable and adequately documented. Thus, the costs associated with Dr. Hicks are awarded in full.

Dr. Arts charged a total of $10,650 at an hourly rate of $500. Motion for Interim Fees at 25-27. Dr. Arts has been awarded his requested hourly rate by other special masters. *See Mayo v. Sec'y of Health & Human Servs.*, No. 22-1421V, 2025 WL 707854 (Fed. Cl. Spec. Mstr. Feb. 6, 2025); *see also Lund v. Sec'y of Health & Human Servs.*, No. 20-1454V, 2024 WL 5378643, at *3 (Fed. Cl. Spec. Mstr. Nov. 15. 2024). I find the hours he spent on this matter to be reasonable. Thus, the costs associated with Dr. Arts are awarded in full.

The remaining costs are for postage, which is routinely awarded in vaccines cases. The request is supported by adequate documentation and is awarded in full. Motion for Interim Fees at 28-29.

### III.    Conclusion

Based on the foregoing, petitioner's second Motion for Interim Attorneys' Fees and Costs is **GRANTED.** Accordingly, I award a total of **$33,619.56**, representing $16,942.50 in attorneys' fees and $16,677.06 in costs, **to be paid through an ACH deposit to petitioner's former**

**counsel's IOLTA account for prompt disbursement.** The clerk shall enter judgment accordingly.[4]

      **IT IS SO ORDERED.**

**<u>s/ Mindy Michaels Roth</u>**
Mindy Michaels Roth
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.